```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| MARIA PUTNAM, | : | NO. 1:10-CV-00569 |
| Plaintiff, | : | |
| v. | : | |
| MICHAEL J. ASTRUE, | : | **OPINION AND ORDER** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's September 16, 2011 Report and Recommendation (doc. 13), Defendant's Objection (doc. 14), and Plaintiff's Reply (doc. 15). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects and REMANDS this matter for further consideration consistent with this decision.

On August 27, 2010, Plaintiff Maria Putnam brought this action pursuant to Title 42 U.S.C. § 405(g) of the Social Security Act, for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") (doc. 1). At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff "not disabled," and therefore, unentitled to such benefits. The ALJ found that Plaintiff suffers from degenerative joint disease of

the lumbar spine, mild mitral insufficiency, a seizure disorder, and an adjustment disorder (doc. 13).  Although the ALJ found these impairments to be severe, he found that none met any Listings (Id.).  The ALJ concluded that though Plaintiff could not perform her past relevant work, she could perform a significant number of other jobs in the national economy (Id.).

The Magistrate Judge reviewed Plaintiff's hearing testimony, witness testimony at the hearing, the vocational expert testimony ("VE") and the hypothetical question, and the ALJ's decision (doc. 13).  In her analysis of the outcome she addressed Plaintiff's five assignments of error, finding only the first to have merit (Id.).  In such assignment of error, Plaintiff contends that the conclusion that she does not experience any difficulty in her ability to handle objects is not supported by substantial evidence (Id.).  The Magistrate Judge agreed that there is objective medical evidence supporting her limitations in pushing/pulling and handling, namely the opinion of her treating physician, Dr. Koles (Id.).  The Magistrate Judge found the ALJ incorrectly assessed the records of Dr. Koles, stating they only documented "occasional complaints of left hand tenderness due to overuse" (Id.).  However, the records actually show no left hand tenderness due to overuse, but rather a diagnosis of trigger thumb, swelling in her left hand, left hand tendonitis, tenderness on the right radial side of the wrist, pain in the thumbs, right trigger

2

thumb, tenderness over the wrist, and tingling in most of her hand (Id.). The Magistrate Judge further found that contrary to the ALJ's findings, Plaintiff's hand complaints did not stop after she ceased to work in May of 2006, but continued in June, July, and September of 2006 (Id.). According to the Magistrate Judge, Dr. Koles provided an objective basis for Plaintiff's symptoms by including findings of right trigger thumb and right carpal tunnel syndrome in the medical assessment she completed for the state agency after last examining Plaintiff on September 12, 2006 (Id.). As such, the Magistrate Judge concluded the ALJ's reasons for failing to assign any weight to Dr. Koles' opinion regarding Plaintiff's handling restriction are factually incorrect and without substantial support in the record (Id.). Moreover, the Magistrate Judge found Dr. Koles' opinion should be accorded substantial weight, as she treated Plaintiff consistently over nearly three years, and her notes documented her examinations and observations (Id.).

The Magistrate Judge concluded that a remand is warranted in this case as to Plaintiff's first assignment of error because the current record does not adequately establish Plaintiff's entitlement to benefits as of her alleged onset date (Id.). In the Magistrate Judge's opinion, further factual development of the record is necessary as to Plaintiff's hand/wrist impairments and the functional limitations those impairments may impose (Id.). The

Magistrate Judge therefore recommended that the Court reverse and remand this case pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings (Id.).

The government objected to the Magistrate Judge's Report and Recommendation, arguing the ALJ's decision finding Plaintiff not disabled should be affirmed (doc. 14). In the government's view, substantial evidence supports the ALJ's finding that Plaintiff did not have a severe hand or wrist impairment (Id.). According to the government, the ALJ came to the correct conclusion because when given a chance to testify as to all of her impairments, Plaintiff did not mention any difficulties related to her hands or handling (Id.). This, according to the government, was significant evidence that Plaintiff did not have a severe handling limitation (Id.). Moreover, contends the government, Dr. Koles' treatment notes did not contain persistent findings that would justify her opinion that Plaintiff had marked limitations in her ability to handle and push/pull (Id.). As a result, the government argues that the ALJ's finding was supported by substantial evidence, his decision should not be disturbed and the Court should reject the Magistrate Judge's recommendation (Id.). Finally, the government notes that the Magistrate Judge rejected all of Plaintiff's remaining arguments as lacking in merit or as unable to be sustained, and requests the Court do the same (Id.).

Plaintiff replied that the lack of testimony at the

hearing does not constitute substantial evidence (doc. 15). Plaintiff contends more weight is generally given to a treating source opinion and the most weight is given a treating source opinion that is deemed controlling (Id. citing 20 C.F.R. 404.1527(d)(2)). In Plaintiff's view, it is odd that in a system skewed so as to give more weight to medical evidence from a treating source, the ALJ would find insufficient evidence of impairment merely because the claimant did not testify about it at the hearing (Id.). Moreover, Plaintiff shows the record contains evidence of seven documented appointments between November 3, 2005 and September 12, 2006, during five of which, Dr. Koles mentioned problems with Plaintiff's hand (Id.). As the Commissioner describes nothing that is not inconsistent or not persistent about such evidence, Plaintiff contends the Court should reject Defendant's objections and affirm the Magistrate Judge's Report and Recommendation (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report complete, thorough and persuasive. The Court agrees with the Magistrate Judge that the ALJ's conclusion as to Plaintiff's ability to handle objects is not supported by substantial evidence. Clearly, the treating physician's notes reflect five complaints of problems with her hands, wrist, and thumb. Plaintiff's lack of testimony does not constitute substantial evidence to overcome the objective medical evidence in

the record.  A remand is appropriate on Plaintiff's first assignment of error regarding the ALJ's conclusion as to Plaintiff's ability to handle objects.  As neither party objected to the Magistrate Judge's remaining conclusions as to Plaintiff's four other assignments of error, the Court finds it unnecessary to reach them.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. <u>See</u> <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The Commissioner filed no objection to the Magistrate Judge's Report and Recommendation.

Accordingly, having reviewed this matter <u>de novo</u>, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in her Report and Recommendation, are correct.  Therefore, the Court hereby ADOPTS the Report and Recommendation in its entirety (doc. 13), REVERSES the decision of the ALJ finding Plaintiff non-disabled, and REMANDS this matter under Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision.

SO ORDERED.

Date: November 1, 2011   /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States Senior District Judge